Daniels, J.
As the action was tried before the referee it was for damages for fraudulent representations concerning work to be performed under a contract between the plaintiffs and the defendant. That part of the work to which the action related consisted of piling on the northerly side of the ship basin at Harsimus Cove in Jersey City. A plan of the work and material was made out by the engineer of the defendant and inspected by the* plaintiffs before the contract was made. They bid for this work, and their bid having been accepted, a written contract was executed between . themselves and the defendant for its performance. They performed the work included in the contract and received from the defendant the compensation agreed to be paid for that performance, and the present action was brought to recover for the increased cost of the labor of putting down piling because of the failure of the plans exhibited to accurately describe the ground where the piling was to be and was in fact placed. The inaccuracy of description consisted in placing the ground line too near the water. It was in front of the third piles instead of, as it should have been, in front of the eleventh, and the labor and cost of putting down the piling was shown to have been enhanced by this circumstance to the extent of $3,587.05.
But no evidence was given on „he trial beyond this misdescription to prove that the water line of the work was intentionally misrepresented. How the plan came to be drawn and made in the condition in which it was, and containing this erroneous description, was not made to appear, but it was urged in favor of the plaintiffs that the defendant’s engineer was so completely chargeable with knowledge of the locality as to warrant the inference that it had been misdescribed for the fraudulent purpose of obtaining a lower bid or estimate of the work than would have been made if the water line had been accurately - resented and described.
But the facts as they were proven did noc support this inference, for the misdescription may very well have originated in a mistake on the part of the engineer, or through his indifference or carelessness in not observing or measuring the ground as he should have done before the plan itself was made and shown. The probability of the inaccuracy resulting from one of these sources is certainly, to say the least, as great as it is that it was caused by a *28 wrongful intention to misrepresent the state of the ground where this work was to be performed. In fact, where different inferences may be drawn from the same state of circumstances, it is the duty of the court to presume- in favor of innocence, rather than of intentional and guilty misconduct. Stan v. Peck, 1 Hill, 270, 272; Sultz v. Hoagland, 85 N. Y., 465.
And this view impressed itself so strongly upon the mind of the learned referee before whom the trial took place as to lead him to conclude that the fraudulent presumption required to maintain an action of this description must be excluded from the case. It is not necessary to inquire whether the action might or might not have been maintained upon what transpired after the true description of the locality had been discovered, and for extra work under the contract, for the suit has not been brought upon that theory, but the complaint presented a cause of action for fraud, and that was stated to be its construction by the plaintiff’s counsel, in opening the case for trial before the referee, the evidence, although proving the representations made by the plan to have been untruthful, failed to establish the further fact that it was so known at the time to-the engineer, or any other agent or officer of the defendant, or that the untruthful representation was made with the intention of deceiving the plaintiffs. And without such evidence a right to recover in the action was not made out.
It has been urged for the purpose of maintaining the appeal that the plaintiff’s right to recover is sustained by what was decided in Bryce v. Lorrilard Fire Insurance Co. (55 N. Y., 240), but that case contains nothing supporting this position.
It might very well have authorized a rescission of the contract if the plaintiffs had elected to rescind it when they discovered that the locality where the piling was to be driven, had been untruthfully described. But they evidently elected not to avail themselves of that privilege.
They discovered as soon as the work was there undertaken, the existence of this misdiscription of the locality, and could then for that reason have refused to proceed until the inaccuracy had been corrected and removed. But they did not do that. On the contrary they proceeded with the performance of the contract, on the faith and expectation it is true, that justice would be done to them by the company on account of this difference. By proceeding in this man ner and completing the work, and receiving the contract compensation to be paid for it, they deprived themselves of the right to rescind the agreement. And by bringing their *29 action for fraud they were not in a condition to avail themselves of the assurance given by the persons acting on behalf of the company, that justice for this difference, should be meted out to them.
The case appears to have been an unfortunate one for the plaintiffs, for the work probably involved a further expenditure of the amount claimed by them, beyond that which they intended to incur,'by reason of the inaccuracy of the plan. The case is one which naturally appeals strongly to a common sense of justice in favor of the plaintiffs, but as they elected to place it by their complaint and the opening statement made upon the trial, and the manner in which it was tried, upon a theory which the evidence does not sustain, the court has no power to relieve them.
The judgment should be affirmed.
Van Brunt, P. J., and Brady, J., concur.